Benedix and another vs. The German Ins. Co. of Freeport, Ill.

Benedix and another, Respondents, vs. The German Insurance Company of Freeport, Illinois, Appellant.

*September 1 — September 29, 1891.*

*Bill of exceptions: Failure to serve in time: Death of trial judge.*

Sec. 2877, R. S., does not apply to a case where the trial judge died after the expiration of the time limited for service of a bill of exceptions and before the service thereof; and in such a case this court will not open the default and compel the respondent to accept and stipulate to the proposed bill or submit to a new trial.

APPEAL from the Circuit Court for *Brown* County.

Motion by appellant, based upon affidavit, for an order substituting Henry Rahr, administrator, as plaintiff in place of Henry Rahr, deceased; also for an order opening default in serving proposed bill of exceptions, or for an alternative order, on account of the death of Hon. George H. Myers, the presiding circuit judge, directing either that said respondents stipulate that the proposed bill of exceptions heretofore served be accepted as the bill of exceptions, or, if they refuse to so stipulate, that the record be remitted to the circuit court to enable appellant to apply for a new trial. The affidavit shows that the action was tried and verdict rendered against appellant, March 13, 1891; motion for new trial overruled; judgment entered March 21st; and notice of entry served March 28, 1891. The appeal was taken June 17, 1891. A conversation is set forth between appellant's attorneys and one of respondents' attorneys, April 16, 1891, in which it is claimed respondents' attorney stated that all that would be required to make a bill of exceptions would be the reporter's minutes of trial and a copy of the judge's charge, and that no copies need be served, and that all other technicalities and rules should be waived; but nothing is claimed to have been said about time. The proposed bill was sent to respondents' attorneys July 22, 1891, and returned immediately by them as being too late.

Some correspondence ensued between the attorneys, which need not be set out. Judge MYERS, who tried the case, died August 2, 1891, and now this motion is made in this case.

*Fred Scheiber,* for the appellant, cited *Smith v. Smith,* 19 Wis. 522; *Kelly v. Fond du Lac,* 29 id. 439; *Jackson v. Bellevieu,* 30 id. 250; *Pellage v. Pellage,* 32 id. 139; *Milwaukee Co. v. Pabst,* 64 id. 244; *Doyle v. Gill,* 59 id. 518; *Tourville v. Nemadji Boom Co.* 70 id. 81.

*L. B. Sale,* for the respondents.

WINSLOW, J. Counsel asks this court to open the default which has occurred, or make an order compelling plaintiffs to stipulate to his proposed bill of exceptions. Waiving the question of the right of this court to make such an order, we are persuaded that it ought not to be made in any event. Counsel allowed the time to elapse without applying for extension either to the counsel or to the court, relying upon his understanding of what seems to have been a casual interview. While we might, under ordinary circumstances, feel inclined to relieve from a default so occurring, the circumstances in this case are not ordinary. There is no person or officer now living who can settle the bill. Opening the default would seem to be a work of supererogation when nothing can be done after it is opened. But counsel urges that the record should be remitted to the circuit court, and that appellant will then be entitled to a new trial, providing plaintiffs' counsel do not agree to the bill as proposed, under the terms of sec. 2877, R. S. Not so, however: the section relied on only provides for a case where the trial judge dies or removes from the state "after judgment, and before expiration of the period limited for serving a bill of exceptions." Such was not the case here. Judge MYERS died August 2d, more than two months after the time limited for serving a bill of exceptions; hence it

would be useless to remit the case. The net result of any one of the various forms of relief which appellant prays for would seem to be to compel the plaintiffs to accept and stipulate to defendant's proposed bill or submit to a new trial. We do not feel that we can make any such order.

The motion must be denied, with $10 costs, except as to that part which prays for the substitution of an administrator in place of a deceased plaintiff, which will, of course, be granted.

*By the Court.*— It is so ordered.